OPINION
STATEMENT OF THE FACTS AND CASE
The facts in this case are that Officer Darrin Icardi of the Louisville Police Department observed appellant make a right turn from West Main St. on to Constitution Ave. in such city at approximately 1:00 a.m. on March 1, 2001 without a turn signal.
Upon stopping appellant's vehicle, the officer smelled an odor of alcohol. He also observed appellant's eyes to be slightly bloodshot. Appellant admitted to consumption of alcohol at a retirement gathering.
Appellant was given field sobriety tests, which he failed, and was arrested.
At the Police Department appellant voluntarily gave a urine test. This confirmed excess consumption of alcohol.
Appellant was charged with one count of driving under the influence of alcohol in violation of R.C. § 4511.19(A)(1), one count of driving with prohibited alcohol concentration in his urine in violation of R.C. § 4511.19(A)(4), and one count of failing to use a turn signal in violation of R.C. § 4511.39.
On April 11, 2001, appellant filed a motion to suppress.
On May 23, 2001, the trial court overruled appellant's motion to suppress.
On May 25, 2001, appellant entered a plea of no contest to the charges and was found guilty by the trial court.
On May 30, 2001, appellant timely filed his appeal, assigning the following error:
I.
 WHERE A DEFENDANT WAS STOPPED FOR A DE MINIMIS TURN SIGNAL VIOLATION, AND WHERE, UPON APPROACHING THE DEFENDANT'S VEHICLE, THE OFFICER SMELLED "AN ODOR OF ALCOHOLIC BEVERAGES COMING FROM THE INTERIOR OF THE VEHICLE" AND OBSERVED THE DEFENDANT'S EYES TO BE "SLIGHTLY BLOODSHOT", AND WHERE THE DEFENDANT ADMITTED TO CONSUMING ALCOHOL, THE OFFICER DID NOT HAVE A REASONABLE AND ARTICULABLE SUSPICION THAT THE DEFENDANT WAS DRIVING UNDER THE INFLUENCE OF ALCOHOL.
 I.
The sole issue raised on appeal is whether the trial court erred in overruling Appellant's Motion to Suppress and finding that the detention of Appellant was lawful.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether the findings of fact are against the manifest weight of the evidence. See: State v. Fanning (1982),1 Ohio St.3d 19, 437 N.E.2d 583; State v. Klein (1991), 73 Ohio App.3d 486,597 N.E.2d 1141, State v. Guysinger (1993), 86 Ohio App.3d 592,621 N.E.2d 726. Secondly, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact.See: State v. Williams (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v.Curry (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172, State v. Claytor
(1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908, and State v.Guysinger (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. As the United States Supreme Court held in Ornelas v. U.S. (1996), 517 U.S. 690,116 S.Ct. 1657, 134 L.Ed.2d 911, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." In this case, we are concerned with whether the trial court decided the ultimate issue raised in the motion to suppress. Therefore, we must independently determine whether the facts of this case warranted the detention of appellant after the traffic stop.
The State asserts that the right turn without a signal at 1:00 a.m. constitutes more than a de minimis violation. As the record does not indicate a risk of potential harm to persons or property as a result of this violation, we must disagree.
Also, the State provides in support of this contention the case ofState v. Barr (Feb. 17, 2000), Guernsey App. No. 99CA15, unreported.
Such case, found that a de minimis violation did not occur.
In State v. Barr, supra, the defendant crossed the center line and placed the arresting officer at risk of physical injury to person or property.
Also, provided is State V. Weimaster (Dec. 21, 1999), Richland App. No. 99CA36, unreported.
Such case does not reach the issue in the present case either. InWeimaster the issue was whether a stop for a minor traffic violation was constitutionally valid. This Court held that it was valid if an officer had a reasonable suspicion or probable cause to stop a vehicle for any criminal activity, even a minor violation, relying on Whren v. UnitedStates (1996), 517 U.S. 806 and Dayton v. Erickson (1996), 76 Ohio St.3d 3.
In the case sub judice, appellant does not question the constitutionality of the stop but apparently asserts an unlawful detention for a de minimis traffic violation with attendant constitutionally unwarranted field sobriety tests.
The standard for a de minimis vehicle stop does not require probable cause for arrest but the lesser standard of a reasonable and articulable suspicion of a criminal violation.
This has been clearly stated in Terry v. Ohio (1968), 392 U.S. 1:
 "It is firmly established that the detention of an individual by a law enforcement officer must, at the very least, be justified by "specific and articulable facts" indicating that the detention was reasonable."
In this case, after the stop, Officer Icardi detected the odor of alcohol and observed bloodshot eyes. Appellant admitted consumption. The officer then asked appellant to perform field sobriety tests.
Appellant provides two Second District appellate cases in support of his proposition of unlawful detention.
State v. Spillers (March 24, 2000), Darke App. No 1504, unreported, is significantly different from the case sub judice. In Spillers no lane violation occurred, a considerable time elapsed before the stop, a slight odor of alcohol was detected with a minimal admission of consumption.
While the appellate court found that the trial court was correct in the suppression it also stated that the issue was a close one.
In State v. Dixon, Greene App. 2000-CA-30, unreported, which citedSpillers, supra, as authority, the stop was made on the basis of overly tinted windows rather than a driving violation.
We agree with these cases in principal in that the question of the presence of specific and articulable facts must be present to justify the intrusion on an individual's liberty and that such determination can be a close question depending on the facts of each case.
We find that sufficient probable cause existed under the articulated facts as to suspicion of impairment to warrant the temporary detention of appellant for the purpose of the field sobriety tests for the protection of the public. Had appellant passed such tests, the officer then may have lacked probable cause to detain further or arrest.
Appellant, however, failed such tests.
Based upon these findings we determine that the Assignment of Error is not well taken.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio is affirmed.
Costs to Appellant.
Hon. William B. Hoffman, P.J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.